IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DARYL JON GOPPERT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:19-cv-01019 |
| | ) JUDGE RICHARDSON |
| ANDREW SAUL, Commissioner of the Social Security Administration, | ) ) ) |
| Defendant. | ) ) |

## ORDER

Pending before the Court are a Report and Recommendation ("R&R") of the Magistrate Judge (Docket No. 25), Objections filed by Plaintiff (Docket No. 26), and a response to Plaintiff's objections filed by Defendant (Doc. No. 27).

## LEGAL STANDARD

When a magistrate judge issues an R&R regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the R&R to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id*.

Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to an R&R. Local Rule 72.02 provides that "such objections must be written, must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made, and must be accompanied by sufficient documentation including, but not limited to, affidavits, pertinent exhibits, and if necessary,

transcripts of the record to apprise the District Judge of the bases for the objections." Local Rule 72.02(a).[1]

## INTRODUCTION

This action is an appeal from the Social Security Administration's denial, via the order of an Administrative Law Judge ("ALJ"), of Plaintiff's application for disability insurance benefits for "the Relevant Time Period," *i.e.*, August 1, 2008 (Plaintiff's alleged disability onset date) through December 31, 2008 (the date Plaintiff last met the insured status requirements of the Social Security Act)[2]. (*See* Doc. No. 16 at 403). Specifically, the ALJ found that, during the Relevant Time Period, Plaintiff had the residual functional capacity to perform light work and was not under a disability. (Doc. No. 16 at 404-412). The ALJ also found that Plaintiff *was* under a disability once he reached an advanced age on May 10, 2012. (*Id.* at 411-412).

Plaintiff has appealed only that portion of the ALJ's decision denying benefits for the Relevant Time Period. The Magistrate Judge recommends that Plaintiff's Motion for Judgment on the Administrative Record be denied and the decision of the ALJ/Commissioner be affirmed. The Court's review of the ALJ's decision is limited to the record made in the administrative hearing process, and its purpose is to determine whether substantial evidence exists in the record to support the Commissioner's decision and whether any legal errors were committed in the process of reaching that decision. *See Jones v. Berryhill*, 392 F. Supp. 3d 831, 843 (M.D. Tenn. 2019). "In

---

[1] The Local Rule also requires that a "separately filed supporting memorandum of law, not exceeding twenty-five (25) pages, must accompany the objections." Local Rule 72.02(a). Plaintiff has not filed a separate memorandum of law with his objections.

[2] To be eligible for disability benefits, a plaintiff must establish that he became disabled prior to the expiration of his insured status. *Van Der Veer v. Comm'r of Soc. Sec.*, No. 1:16-CV-046, 2018 WL 3208163, at *2 (M.D. Tenn. June 29, 2018).

2

cases where there is an adequate record, the Secretary's decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Ledbetter v. Saul*, No. 2:19-cv-00079, 2021 WL 725823, at *4 (M.D. Tenn. Feb. 4, 2021); *see also Wiser v. Comm'r of Soc. Sec.*, 627 F. App'x 523, 526 (6th Cir. 2015). Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* the Report and Recommendation, the Objections, the response, and the file.

## PLAINTIFF'S OBJECTIONS

A. Dr. Cheah

Plaintiff objects that the Magistrate Judge found that the ALJ was free to disregard the opinions of Plaintiff's treating sources at Centerstone because they are inconsistent with the opinion of a more recent exam by Dr. E-Ling Cheah.[3] Plaintiff argues that the records from Centerstone range from 2004 to 2008. Plaintiff does not identify the specific records from Centerstone in the 2004 to 2008 time period to which he refers. Indeed, the ALJ and Magistrate Judge found that, other than a termination report dated December 31, 2008, there are no treatment records from Centerstone dated during the Relevant Time Period (August 2008 through December 2008. (Doc. No. 25 at 13).

In the administrative record, the Court found, for the Relevant Time Period, only a termination report dated December 31, 2008, indicating that Plaintiff was last seen in June 2007 (Doc. No. 16 at 712-13). The record also includes a memo dated September 23, 2013, from

---

[3] The ALJ actually gave *less* weight to Dr. Cheah's opinion because Dr. Cheah opined moderate limitations only in Plaintiff's ability to adapt to change, which the ALJ found inconsistent with Plaintiff's reported symptoms. (Doc. No. 16 at 409).

3

Centerstone to the Tennessee Department of Human Services ("TDHS"). (*Id.* at 301-303). Centerstone's response to TDHS' request for records indicates that a search of its files revealed no record of treatment for Plaintiff at Centerstone from August 1, 2008, to September 2013. (*Id.* at 301). Plaintiff was last seen on 6/21/2007, and the case was closed on 12/31/2008. (*Id.*)

Plaintiff argues that the medical opinions of treating physicians, like those at Centerstone, are to be given complete deference if they are uncontradicted. This principle is generally true, but again Plaintiff does not identify any medical opinion of a treating physician (or anyone) dated August 2008 through December 2008 upon which the ALJ, Magistrate Judge, or the undersigned should rely. The Court cannot agree that the ALJ disregarded the opinions of treating physicians at Centerstone based on the evaluation of Dr. Cheah years later. There is no mention in the ALJ's discussion of Dr. Cheah's report of comparing it to any 2008 treatment notes or records from Centerstone. Apparently, this is because there were no such records.

For these reasons, Plaintiff's first objection is overruled.

B. <u>Mental Impairment Listings</u>

Plaintiff also objects to the conclusions of the Magistrate Judge with regard to the ALJ's finding that Plaintiff's mental conditions did not meet or equal the Listings under Mental Listing 12.06 in 20 C.F.R. Part 404, Subpart P, Appendix 1.[4] Plaintiff first objects to the following

---

[4] The ALJ found that Plaintiff had the following severe impairments: degenerative disc disease, left wrist tenosynovitis, obesity, anxiety disorder, posttraumatic stress disorder, and major depressive disorder. (Doc. No. 16 at 403). If a claimant is not working and has a severe impairment, the ALJ must then determine whether the claimant suffers from one of the "listed" impairments or its equivalent found at 20 C.F.R. § 404, Subpart P, Appendix 1. *Ledbetter*, 2021 WL 725823, at *3 (citing *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990). If a listing is met or equaled, benefits are owing without further inquiry. *Id.* If a listing is not met or equaled, the ALJ must move on to further determinations concerning the claimant's ability to work. *Id.*; *see also Jones*, 392 F. Supp. 3d at 844.

4

statement in the R&R as not quite accurately reflecting the ALJ's conclusion: "Defendant responds that the ALJ correctly found that the Plaintiff had no more than moderate level limitations . . ." This statement was the Magistrate Judge's description of Defendant's response, however, not a finding of the Magistrate Judge; that is, the Magistrate Judge was merely recounting *Defendant's* characterization of what the ALJ found, instead of making his *own* characterization of what the ALJ found. (Doc. No. 25 at 14).

Plaintiff argues that the ALJ's findings of moderate limitations in mental conditions overlook other criteria in which Plaintiff had more severe impairments. Plaintiff claims that the longitudinal record reflects that he suffered from a severe anxiety impairment from 2005 through the end of 2008. The records to which Plaintiff cites (Doc. No. 16 at 737, 741 and 743) are not records from the Relevant Time Period, however.[5] Plaintiff has not pointed the Court to evidence that he suffered from a severe anxiety impairment from August 2008 through December 2008.

The ALJ found that Plaintiff had "moderate" limitations in the areas of mental functioning listed in "paragraph B" of the 12.06 listing of "anxiety and obsessive-compulsive disorders," rather than the required "extreme" limitation of one, or "marked" limitation of two, of these areas. The ALJ likewise found that Plaintiff did not satisfy the alternative requirement of "paragraph C," *i.e.*, that Plaintiff's anxiety and obsessive-compulsive disorder was "serious and persistent," because

---

[5] The Court is aware that the ALJ also reviewed *later* records, including Plaintiff's own 2018 function report (Doc. No. 16 at Ex. 4E) and records from Centerstone after 2013. She found, for example, evidence that Plaintiff's mental health symptoms improved with medication. (*Id.* at 404). These records were not from the Relevant Time Period; but, as indicated earlier, the ALJ was reviewing more than just Plaintiff's claim for disability during the Relevant Time Period. She was also determining whether Plaintiff had a disability once he reached an "advanced age" on May 10, 2012.

5

there was "no evidence of marginal adjustment, i.e., a minimal capacity to adapt to changes in one's environment or to demands that are not already part of one's daily life." (Doc. No. 16 at 404).[6] The "longitudinal record" to which Plaintiff refers does not show otherwise for the Relevant Time Period. For example, Plaintiff cites to his function assessment at intake on 5/9/2007 (Doc. No. 16 at 786-87), which indicates that his activities of daily living, interpersonal functioning and adaption to change were "marked;" but neither the ALJ, the Magistrate Judge, nor the undersigned can just *assume* that those limitations continued for the Relevant Time Period. As the ALJ noted, after the December 31, 2008 Termination Report (indicating last treatment of June 2007) there is no evidence of further treatment at Centerstone until February 13, 2016. (Doc. No. 16 at 406).

Plaintiff also objects that, even though the ALJ stated that Plaintiff's mental impairments were considered singly and in combination, "it is clear that the consideration was not based upon substantial evidence of record." (Doc. No. 26 at 6). For the reasons stated above, the Court reminds Plaintiff that he "bears the burden of proving his entitlement to benefits." *Stowers v. Saul*, No. 3:19-CV-443-HBG, 2021 WL 784137, at *2 (E.D. Tenn. Mar. 1, 2021) (quoting *Boyes v. Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994)). The ALJ considered the record evidence of mental impairments, singly and in combination, and found there was *not* substantial evidence to support Plaintiff's claim as to the Relevant Time Period. In other words, Plaintiff did not carry his burden to provide substantial evidence of disability during the Relevant Time Period.

The ALJ's finding of no impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. 404, Subpart P, Appendix 1, is

---

[6] The Termination Report from Centerstone dated December 31, 2008, indicates that Plaintiff's adaptive functioning as of his last visit (6/07) was "fair." (Doc. No. 16 at 712).

supported by substantial evidence (including the *lack* of substantial evidence to support Plaintiff's position), and that decision will be upheld.

## CONCLUSION

For these reasons, the R&R of the Magistrate Judge is adopted and approved. Plaintiff has not shown that the ALJ decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking. *See Ledbetter*, 2021 WL 725823, at *4. Plaintiff's Motion and Amended Motion for Judgment on the Administrative Record (Doc. Nos. 19 and 22)[7] are **DENIED**, and the decision of the Commissioner is **AFFIRMED**.

The Clerk is directed to close this file. This Order shall constitute final judgment for purposes of Fed. R. Civ. P. 58.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[7] Plaintiff filed an Amended Motion (Doc. No. 22), but the first Motion (Doc. No. 19) was never terminated.